1  ELIZABETH A. STRANGE
   First Assistant United States Attorney
2  District of Arizona
   PATRICK T. BARRY
3  Assistant United States Attorney
   United States Courthouse
4  405 W. Congress Street, Suite 4800
   Tucson, Arizona 85701
5  Telephone: 520-620-7300
   Email: patrick.barry2@usdoj.gov
6  Attorneys for Plaintiff

FILED ____ LODGED ____
RECEIVED ____ COPY ____

JUL 16 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

7              IN THE UNITED STATES DISTRICT COURT

8                   FOR THE DISTRICT OF ARIZONA

9   United States of America,          CR 18-1070 - 001 - TUC-RCC
                                              (JR)
10                  Plaintiff,          Mag No: 18-04503M

11                                      PLEA AGREEMENT
           vs.
12
    Carlos Ordonez-Rodriguez,
13  aka Carlos Gerardo Ordonez-Rodriguez,

14                  Defendant.

15      The United States of America and the defendant hereby agree to resolve this matter

16  on the following terms and conditions:

17                              **PLEA**

18      The defendant will plead guilty to an Indictment charging a violation of Title 8,

19  United States Code (U.S.C.), Section 1326(a), Reentry of Removed Alien.

20  **I.    MAXIMUM PENALTIES**

21      A.    The maximum possible penalty for a violation of 8 U.S.C. § 1326(a) is up to

22  twenty (20) years in prison, a fine of up to $250,000, and a term of supervised release of

23  up to three (3) years.

24      B.    According to the United States Sentencing Guidelines (U.S.S.G.) issued

25  pursuant to the Sentencing Reform Act of 1984, the Court shall:

26      1.    Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and

27  3553, unless the Court finds that a fine is not appropriate; and

28

1     2.     Order the defendant to serve a term of supervised release when
2  required by statute and may impose a term of supervised release in all other cases, taking
3  into consideration U.S.S.G. § 5D1.1.

4       C.     Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the
5  defendant to pay a $100 special assessment.

6  **II.**    **AGREEMENTS REGARDING SENTENCING**

7       A.     <u>Guidelines Calculations</u>. The parties understand that the Guidelines are only
8  advisory and just one of the factors the Court will consider under 18 U.S.C. §3553(a) in
9  imposing a sentence.

10      B.     <u>Sentencing Range</u>. Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the
11  government and the defendant stipulate and agree that the following are the maximum
12  applicable guideline ranges for this offense. The defendant understands that he will be
13  sentenced in accordance with the applicable ranges below as determined by the Court.

14
15
16
17
18

     0 to 6 months of imprisonment if defendant's Criminal History Category is I;
     1 to 7 months of imprisonment if defendant's Criminal History Category is II;
     2 to 8 months of imprisonment if defendant's Criminal History Category is III;
     6 to 12 months of imprisonment if defendant's Criminal History Category is IV;
     9 to 15 months of imprisonment if defendant's Criminal History Category is V;
     12 to 18 months of imprisonment if defendant's Criminal History Category is VI.

19  If the government or probation department discovers a conviction other than those
20  disclosed to the defense, this may make higher sentencing ranges appropriate, and the
21  government shall have the right to withdraw from this agreement.

22      C.     <u>Departures or Reductions</u>. If the defendant moves for any adjustments in
23  Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the
24  Sentencing Guidelines, the government may withdraw from this agreement. If the
25  defendant argues for a variance under 18 U.S.C. §3553(a) in support of a sentence request
26  below the stipulated ranges in this agreement, the government may oppose the requested
27  variance. The government, however, will not withdraw from the agreement if the
28  ///

1  defendant argues for, and the Court grants, a variance below the stipulated range in this
2  agreement.

3       D.    Supervised Release / Probation.  This plea agreement is conditioned on the
4  defendant not being on federal supervised release or federal probation at the time of the
5  offense.  If the defendant is found to have been on supervised release / probation, the
6  defendant's supervised release / probation violation matter will be addressed in separate
7  proceedings/pleadings.

8       E.    Criminal History Points/Prior Convictions.  If the defendant has 18 or more
9  criminal history points, or if the government or federal probation discovers a conviction
10  other than those disclosed to the defense prior to sentencing, the government shall have the
11  right to withdraw from this agreement.

12      F.    Plea Addendum.  This written plea agreement, and any written addenda filed
13  as attachments to this plea agreement, contain all the terms and conditions of the plea.  Any
14  additional agreements, if any such agreements exist, shall be recorded in a separate
15  document and may be filed with the Court under seal.  Accordingly, additional agreements,
16  if any, may not be in the public record.

17  **III.   COURT APPROVAL REQUIRED**

18      If the Court, after reviewing this plea agreement, concludes that any provision is
19  inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P.,
20  giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity
21  to withdraw the defendant's guilty plea.

22  **IV.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

23      Provided the defendant receives a sentence not to exceed 18 months' imprisonment,
24  the defendant waives any and all motions, defenses, probable cause determinations, and
25  objections that the defendant could assert to the information or indictment, or to the petition
26  to revoke, or to the Court's entry of judgment against the defendant and imposition of
27  sentence upon the defendant.  The defendant further waives: (1) any right to appeal the
28  Court's entry of judgment against defendant; (2) any right to appeal the imposition of

- 3 -

sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (4) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.  This waiver shall not be construed to bar a claim of ineffective assistance of counsel or an otherwise-preserved claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## V.   IMMIGRATION CONSEQUENCES OF PLEA

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States.  The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## VI.   PERJURY AND OTHER OFFENSES

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or

1   any other offense committed by the defendant after the date of this agreement.   Any
2   information, statements, documents, or evidence the defendant provides to the United
3   States pursuant to this agreement, or to the Court, may be used against the defendant in all
4   such prosecutions.

5   **VII.   REINSTITUTION OF PROSECUTION**

6         If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
7   court in a later proceeding, the government will be free to prosecute the defendant for all
8   charges and/or allegations of supervised release / probation violations as to which it has
9   knowledge, and any charges and/or allegations of supervised release / probation violations
10   that have been dismissed or not alleged under the terms of this plea agreement.   In such
11   event, the defendant waives any objections, motions, or defenses based upon the Speedy
12   Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the
13   later proceedings.   Defendant agrees that the fast-track departures set forth under
14   "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

15   **VIII.  DISCLOSURE OF INFORMATION**

16       A.   The United States retains the unrestricted right to provide information and
17   make any and all statements it deems appropriate to the Probation Office and to the Court
18   in connection with the case.

19       B.   The defendant shall cooperate fully with the U.S. Probation Office.   Such
20   cooperation shall include providing complete and truthful responses to questions posed by
21   the Probation Office including, but not limited to, questions relating to:

22           1.   Criminal convictions, history of drug abuse and mental illness; and
23           2.   Financial information, including present financial assets or liabilities
24   that relate to the ability of the defendant to pay a fine.

25   **IX.   EFFECT ON OTHER PROCEEDINGS**

26         This agreement does not preclude the United States from instituting any civil or
27   administrative proceedings as may be appropriate now or in the future.

28   / / /

1    **DEFENDANT'S APPROVAL AND ACCEPTANCE**

2          I have read the entire plea agreement with the assistance of counsel and understand

3    each of its provisions.

4          I have discussed the case and my constitutional and other rights with my attorney.

5    I understand that by entering my plea of guilty I shall waive my rights: to plead not guilty;

6    to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to

7    present evidence in my defense; to remain silent and refuse to be a witness against myself

8    by asserting my privilege against self-incrimination; and to be presumed innocent until

9    proven guilty; and to appeal or otherwise challenge my conviction and sentence.

10         I agree to enter my guilty plea as indicated above on the terms and conditions set

11   forth in this agreement.

12         I have been advised by my attorney of the nature of the charges to which I am

13   entering my guilty plea. I have further been advised by my attorney of the nature and range

14   of the possible sentence and that my ultimate sentence shall be determined after

15   consideration of the advisory Sentencing Guidelines. I understand that the Sentencing

16   Guidelines are only advisory and that without this agreement the Court would be free to

17   exercise its discretion to impose any reasonable sentence up to the maximum set by statute

18   for the crimes of conviction.

19         My guilty plea is not the result of force, threats, assurances, or promises other than

20   the promises contained in this agreement. I agree to the provisions of this agreement as a

21   voluntary act on my part and I agree to be bound according to its provisions.

22         I fully understand that, if I am granted probation or placed on supervised release by

23   the Court, the terms and conditions of such probation/supervised release are subject to

24   modification at any time. I further understand that, if I violate any of the conditions of my

25   probation/supervised release, my probation/supervised release may be revoked and upon

26   such revocation, notwithstanding any other provision of this agreement, I may be required

27   to serve a term of imprisonment or my sentence may otherwise be altered.

28   / / /

1   I agree that this written plea agreement and addendum contain all the terms and
2   conditions of my plea.  I further agree that promises, including any predictions as to the
3   Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made
4   by anyone (including my attorney) that are not contained within this written plea agreement
5   are null and void and have no force and effect.

6   I am satisfied that my defense attorney has represented me in a competent manner.

7   I am fully capable of understanding the terms and conditions of this plea agreement.
8   I am not now using or under the influence of any drug, medication, liquor, or other
9   intoxicant or depressant that would impair my ability to fully understand the terms and
10   conditions of this plea agreement.

11   **ELEMENTS**

12   **Reentry of Removed Alien**

13   On or about May 15, 2018, in the District of Arizona:

14   1.   The defendant was an alien;

15   2.   The defendant had been previously denied admission, excluded, deported, or
16   removed from the United States;

17   3.   The defendant knowingly and voluntarily reentered or was present after a
18   voluntary entry and found in the United States in the District of Arizona; and

19   4.   The defendant did not obtain the express consent of the Attorney General or
20   the Secretary of Homeland Security to reapply for admission to the United States prior to
21   returning to the United States.

22   **FACTUAL BASIS**

23   I further admit the following facts are true and if this matter were to proceed to trial
24   the United States could prove the following facts beyond a reasonable doubt:

28   / / /

I am not a citizen or national of the United States. I was removed from the United States through Mesa, Arizona, on June 14, 2017. I was voluntarily present and found in the United States at or near Why, Arizona, on May 15, 2018. I was not under constant, continuous observation from the time I crossed the border until the time I was found on May 15, 2018. I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

16 Julio 2018
Date

Carlos Ordoñez-Rodriguez
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

///

-8-

1    I translated or caused to be translated this agreement from English into Spanish to

2    the defendant on the 10ᵗʰ day of July, 2018

3

4    7-14-18

5    Date                            Benjamin W. Aguilera
                                     Attorney for Defendant
6

7                      **UNITED STATES' APPROVAL**

8        I have reviewed this matter and the plea agreement.  I agree on behalf of the United

9    States that the terms and conditions set forth are appropriate and are in the best interests of

10   justice.

11

12                               ELIZABETH A. STRANGE
                                 First Assistant United States Attorney
13                               District of Arizona

14

15   7-16-18

16   Date                          PATRICK T. BARRY
                                   Assistant United States Attorney
17

18

19

20

21

22

23

24

25

26

27

28